McFaeland, J.,
delivered the opinion of the court.
K. M. Myers brought this suit before a justice of the peace, and upon appeal in the Circuit Court a jury was waived and the cause submitted to the judge, who gave judgment for the plaintiff, and the defendant appealed in error.
W. A. Howard & Co. had contracted to do certain excavations and stone work for Montague, for which a certain price was to be paid — 75 per cent, to be paid as the work progressed, and 25 per cent, to be retained until the work was completed. Said Howard & Co. were indebted to Myers, and during the progress of the work Myers called upon Montague to know if he would accept an order from Howard & Co. for $200. He replied .he would not. He was then asked if he would accept such- order, to be paid out of the 25 per cent., to be retained as *547 aforesaid. He said he would, or would if Howard & Co. completed the work. Myers left, and soon returned with the following order:
“Chattanooga, April 21, 1871.
“T. G. Montague, trustee, please pay R. M. Myers two hundred dollars out of the 25 per cent, back pay for foundation at old Crutchfield grounds.
“W. A. Howard & Co.”
Montague received the order and filed it away in his office, he being cashier of a bank. . Howard & Co. soon after absconded without completing the work, but Montague hired hands and completed the job. He did not insist upon a forfeiture, but was willing Howard & Co. should have the benefit of the contract and back pay due them, charged with the amount paid by him to complete the work. Upon this basis, there was found to be due Howard & Co. $240. Montague was served with garnishment at the suit of other creditors of Howard & Co., and stated the facts before the justice, who rendered judgments covering the $240, which he paid.
Upon these .facts, is Myers entitled to recover?
1. We are of opinion that such an order may be accepted verbally. There is no statute in this State requiring the acceptance to be in writing,, and it,is not within the statute of frauds. An'.order drawn upon a particular fund, and accepted, amounts to a transfer of so- much of the fund in the hands of the drawee to the holder, and the promise of the acceptor in such ease is to pay his own debt and not the *548 debt of another: 2 Head, 120. Verbal acceptance is valid in the absence of statute, if communicated to him who takes the bill, and he takes it on the credit of such acceptance: Leading Cases on Bills and Notes, p. 42, and notes and authority there cited; Parsons on Bills and Notes, vol. 1, p. 282. And such we understand to be this case. Myers did not receive the order until told by Montague that he would accept it upon the condition stated, and he says if he had not relied upon this acceptance he could have made his debt out of Howard & Co.
We think the facts show a verbal acceptance; but this order was drawn on a particular fund, and Montague was only bound to pay it in the event there was such fund. Montague did not insist upon a forfeiture of the back pay due to Howard & Co. by reason of their failure to complete the contract, and the consequence was thqt the back pay due Howard & Co. was sufficient to pay this order, and therefore the order was payable.
It is argued that Montague only waived this forfeiture in favor of the employees of Howard & Co., who had served garnishments, but that he may insist upon it as against Myers. His agreement not to insist upon the forfeiture, enures to the benefit of Howard & Co. The question whether Myers or the attaching creditors shall have the benefit of this fund, was not then a question at the option of Montague, but was to be determined upon their equal rights. Myers’ right being first in time, was superior. It is no defense to Montague that judgments were rendered *549 against him in favor of the attaching creditors. If "the fund was not sufficient to pay all, he should have appealed from these judgments.
We think there is no error. Let the judgment be affirmed.